IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and HOWARD McDOUGALL, as Trustee, <br><br> Plaintiffs, <br> v. <br><br> PIONEER TIRE AND WHEEL CORPORATION, a Kentucky corporation, <br><br> Defendant. | Case No. 11 C 7782 <br><br> Judge Milton I. Shadur <br><br> Magistrate Judge Sheila M. Finnegan |

### CONSENT JUDGMENT

**THIS MATTER** comes before the Court for entry of a consent judgment; the parties have stipulated and agreed to the contents of this order; the Court has been fully advised in the premises, and now makes the following findings of fact and conclusions of law, and issues its order of judgment:

### Findings of Fact

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001, *et seq*.

2. Plaintiff, Central States, Southeast and Southwest Areas Pension Fund ("the Pension Fund"), is a multiemployer pension plan.

3. Plaintiff, Howard McDougall, is a present trustee and fiduciary of the Pension Fund, and he and his fellow trustees are the plan sponsor of the Pension Fund. The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois, and are authorized to bring this action on behalf of the Pension Fund, its

participants and beneficiaries for the purpose of collecting withdrawal liability pursuant to ERISA.

4. The Defendant, Pioneer Tire and Wheel Corporation ("Pioneer"), is a corporation organized under the State of the Kentucky.

5. During all relevant times, Pioneer was bound by collective bargaining agreements with a certain Teamsters local union, under which Pioneer was required to make contributions to the Pension Fund on behalf of certain of its employees.

6. The Pension Fund determined that on or about March 21, 2010, Pioneer permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of ERISA.

7. As a result of this complete withdrawal, Pioneer incurred withdrawal liability to the Pension Fund in the principal amount of $506,894.38.

8. On or about July 21, 2011, Pioneer received a notice and demand for payment of the withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

9. On or about August 17, 2011, Pioneer received a notice from the Pension Fund pursuant to section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), advising that its withdrawal liability payments were past due, and which forewarned Pioneer of the consequences of its failure to pay such withdrawal liability.

10. Pioneer failed to make the required withdrawal liability payments to the Pension Fund.

11. Pioneer did not timely initiate arbitration of this matter pursuant to 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1).

### Conclusions of Law

1. This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c). Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d).

2. Under section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1), Pioneer has waived all challenges to the withdrawal liability assessment by failing to initiate arbitration. Consequently, the amounts demanded by the Pension Fund are due and owing.

3. Under section 4301(b) of ERISA, 29 U.S.C. § 1451(b), the failure to make withdrawal liability payments when due is treated in the same manner as a delinquent contribution under section 515 of ERISA, 29 U.S.C. § 1145. *Cent. States, Se. & Sw. Areas Pension Fund v. Slotky*, 956 F.2d 1369, 1377 (7th Cir. 1992).

4. Pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), the Pension Fund is entitled to a judgment for:

   a. The unpaid withdrawal liability principal;

   b. Pre-judgment interest at the rate set by the Pension Fund's Plan Document: an annualized interest rate equal to 2% plus the prime interest rate established by JPMorgan Chase Bank, NA for the 15th day of the month for which interest is charged;

    c.    An amount equal to the greater of interest on the unpaid withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability;

    d.    Attorney's fees and costs; and

    e.    Post-judgment interest at the rate set by the Pension Fund's Plan Document: an annualized interest rate equal to 2% plus the prime interest rate established by JPMorgan Chase Bank, NA for the 15th day of the month for which interest is charged, compounded annually.

5.    An award of the amounts set forth in the preceding paragraph is mandatory. *Cent. States, Se. & Sw. Areas Pension Fund v. Gerber Truck Serv. Inc.*, 870 F.2d 1148, 1156 (7th Cir. 1989) (*en banc*).

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**

A.    That a judgment is entered against the Defendant and in favor of the Plaintiffs.

B.    That the Plaintiffs shall have and recover judgment from and against Defendant, in the total amount of $621,430.78. This amount consists of $506,894.38 in withdrawal liability principal; $11,517.52 in interest through January 6, 2012; $101,378.88 in liquidated damages; $1,225.00 in attorneys' fees; and $415.00 in costs.

C.    That the Plaintiffs are awarded post-judgment interest on the entire judgment balance at an annualized interest rate equal to 2% plus the prime interest rate established by JPMorgan Chase Bank N.A. for the 15th day of the month for which interest is charged, and such interest shall be compounded annually.

D.  That the Plaintiffs may proceed with collection of the judgment.

ENTERED: *Milton I. Shadur*
Honorable Milton I. Shadur

Date: *January 27, 2012*

**STIPULATED AND AGREED TO:**

On behalf of the Plaintiffs:

*/s/ Rathna C. Rodgers*

Name:  Rathna C. Rodgers

Title:  Attorney

Date:  January 26, 2012

On behalf of the Defendant:

*/s/ with consent of Todd A. Miller*

Name:  Todd A Miller

Title:  Attorney

Date:  January 26, 2012